**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4489**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

BRADLEY DOUGLAS WEIN,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.  (3:11-cr-00161-HEH-1)

_____

Submitted:  March 27, 2013          Decided:  April 18, 2013

_____

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Amy L. Austin, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Michael C. Moore, Assistant United States Attorney, Charles A. Quagliato, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Bradley Douglas Wein appeals his conviction by a jury of obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) (2006). On appeal, Wein argues that the district court erred in admitting credit card account records into evidence under Fed. R. Evid. 803(6), the business records exception to the hearsay rule. Wein also argues that the district court erred in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal. We affirm.

We review the district court's decision regarding the admissibility of evidence for abuse of discretion and will not find an abuse unless a decision is "arbitrary and irrational." United States v. Cloud, 680 F.3d 396 (4th Cir.) (internal quotation marks omitted), cert. denied, 133 S. Ct. 218 (2012). The hearsay rule does not prohibit the admission of a record "if[] (A) the record was made at or near the time by . . . someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business . . . ; [and] (C) making the record was a regular practice of that activity." Fed. R. Evid. 803(6). The nature of the record may be established by "the custodian or another qualified witness." Fed. R. Evid. 803(6)(D). Further, the business record is admissible so long as "neither the source of information nor the

method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E).

Wein contends that the district court abused its discretion in finding that Valerie Dunagin, an investigative manager for credit card fraud with Bank of America, was a qualified witness to lay the foundation for the credit card account records. However, Dunagin testified that she had worked with similar records throughout her nineteen-year career at Bank of America. Additionally, Dunagin described in detail the manner in which the records were prepared and testified that Bank of America kept and relied upon the records in its regular course of business.

Wein asserts that Dunagin, as a Bank of America employee, could not be considered a qualified witness for the credit card account records created by FIA Card Services. We find this argument unavailing because Dunagin testified that she was familiar with the records created by FIA Card Services, that the records were maintained in the same manner as the records created by Bank of America, and that FIA Card Services is currently owned by Bank of America. See United States v. Duncan, 919 F.2d 981, 986 (5th Cir. 1990) (holding "there is no requirement that the records be created by the business having custody of them").

Further, contrary to Wein's contentions, Dunagin was not required to create the records or speak to the individuals who created the records. See United States v. Dominguez, 835 F.2d 694, 698 (7th Cir. 1987) (holding that "'qualified witness' need not have personally participated in the creation of the document, nor know who actually recorded the information"). Wein also incorrectly asserts that Dunagin was required to confirm the accuracy of the records in order to be a qualified witness. See Duncan, 919 F.2d at 986 (holding that qualified witness need not "be able to personally attest to . . . accuracy"). Accordingly, we conclude that the district court did not abuse its discretion in finding that Dunagin was a qualified witness.

Next, Wein argues on appeal that the method by which the credit card account records were prepared indicates that the records were untrustworthy. Specifically, Wein contends there was no testimony regarding the accuracy or completeness of the comments describing customer service phone calls in the records, which were entered by customer service representatives in shorthand during the calls. We conclude that this argument does not affect the admissibility of the records and is directed to the weight of the evidence. See Am. Int'l Pictures, Inc. v. Price Enters., Inc., 636 F.2d 933, 935 (4th Cir. 1980) (rejecting claim that business record lacked trustworthiness

4

because objection was directed to weight of evidence, not admissibility). Accordingly, the district court did not abuse its discretion in admitting the credit card account records in to evidence under Fed. R. Evid. 803(6).

Wein also argues that the district court erred in denying his Rule 29 motion for judgment of acquittal. We review de novo the district court's denial of a Rule 29 motion. United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir.), cert. denied, 132 S. Ct. 564 (2011). We will uphold a conviction in the face of a challenge to the sufficiency of the evidence "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and brackets omitted). In conducting this review, we will not weigh evidence or review witness credibility. United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007).

Wein argues that there was insufficient evidence establishing that he submitted a fraudulent letter to the district court. However, the Government presented evidence that Wein fabricated a letter to his former client, advising her of the settlement of her outstanding credit card debt on several accounts. The Government presented further evidence that Wein provided this letter, along with other documents, to his defense counsel and claimed that it provided him with a complete defense

5

to the indictment charging him with mail fraud and aggravated identity theft, charges on which the jury ultimately found him not guilty. Wein's counsel subsequently attached the fraudulent letter to a motion to dismiss. Additionally, Wein's computer forensics expert testified that the time and date stamps of the electronic version of the letter could be manipulated and that he could not testify as to whether the file was manipulated during an eleven-month period when Wein was aware that he may face charges. Accordingly, we conclude that there was sufficient evidence from which a reasonable juror could conclude that Wein was responsible for the submission of a fraudulent letter to the court.

Wein's argument that there was insufficient evidence to establish that he acted with corrupt intent because it was his defense counsel who attached the fraudulent letter to the motion to dismiss is unavailing. A defendant acts corruptly where he "act[s] with the purpose of wrongfully impeding the due administration of justice." United States v. Matthews, 505 F.3d 698, 706 (7th Cir. 2007) (internal quotation marks and emphasis omitted). The jury could infer Wein's corrupt intent by the fact that he fabricated the letter and gave it to his defense counsel, claiming that it provided him with a complete defense to the pending charges of mail fraud and aggravated identity theft.

6

Finally, Wein argues that there was no nexus between the fraudulent letter and the criminal proceeding against him. "To satisfy [the nexus] requirement, the defendant's conduct must 'have a relationship in time, causation, or logic with the judicial proceedings.'" United States v. Reich, 479 F.3d 179, 185 (2d Cir. 2007) (quoting United States v. Aguilar, 515 U.S. 593, 599 (1995)); see also United States v. Johnson, 553 F. Supp. 2d 582, 626 (E.D. Va. 2008). We conclude that Wein has failed to show that the evidence was insufficient to establish a nexus between his actions and obstruction of the proceeding.

Wein's fraudulent letter was attached in a motion to dismiss the charges of mail fraud and aggravated identity theft, and thus, there is a clear, logical relationship between his conduct and the judicial proceeding. Wein's argument that the subject matter of the fraudulent letter had nothing to do with the arguments raised in his motion to dismiss is unavailing because it ignores that the fraudulent letter was nevertheless presented to the court. Moreover, Wein's argument that the fraudulent letter lacked a relationship in time to his use of his former client's credit cards fails because the nexus analysis only requires that there be a relationship in time between the fraudulent letter and the court proceeding. See Reich, 479 F.3d at 179. Finally, Wein argues that, because the jury found him not guilty of mail fraud and aggravated identity

7

theft, there was no nexus between the fraudulent letter and those charges.  However, we must not consider the jury's verdict on other counts when reviewing the sufficiency of the evidence. See United States v. Powell, 469 U.S. 57, 67 (1984) (holding that sufficiency of evidence "review should be independent of the jury's determination that evidence on another count was insufficient").  We therefore conclude that there was sufficient evidence from which a reasonable juror could find Wein guilty of obstruction of an official proceeding.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.


AFFIRMED

8